IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALBERT WEATHERS,

        Plaintiff,

v.

DAVID ROCK, Superintendent,
Upstate Correctional Facility, *et al.*,

        Defendants.

Civil Action No.
9:13-CV-0195 (FJS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ALBERT WEATHERS, *Pro Se*
122 Gibson Street, Upper
Buffalo, NY 14212

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

OF COUNSEL:

MICHAEL G. McCARTIN, ESQ.
Assistant Attorney General

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

*Pro se* plaintiff Albert Weathers, a former New York State prison inmate who is familiar to this court, commenced this action nearly two years ago asserting claims pursuant to 42 U.S.C. § 1983 and the Religious Land

Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), against several defendants, including the superintendent and deputy superintendent of the prison in which he was confined at the relevant times.[1] Because plaintiff has failed to appear for a scheduled deposition on two occasions in violation of court orders, defendants now renew a prior request for dismissal of plaintiff's complaint. For the reasons set forth below, I recommend that defendants' motion be granted.

I.  BACKGROUND

Plaintiff commenced this action on February 21, 2013. Dkt. No. 1. At the time, he was a New York State prison inmate being held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and confined in the Upstate Correctional Facility ("Upstate") located in Malone, New York. *Id.* Plaintiff's complaint names the DOCCS Commissioner, the superintendent at Upstate, and other DOCCS employees as defendants, and alleges that all or some of them (1) violated his First Amendment right to practice his chosen religion by failing to provide him with religious meals and items necessary to practice his faith; (2) subjected him to cruel and unusual conditions of confinement in violation of

---

[1]  Plaintiff has three other civil rights actions pending in this district, including (1) *Weathers v. Travers*, No. 12-CV-1582 (N.D.N.Y. filed Oct. 22, 2012); (2) *Weathers v. Rock*, No. 12-CV-1301 (N.D.N.Y. filed Aug. 20, 2012); and (3) *Weathers v. Uhler*, No. 12-CV-0982 (N.D.N.Y. filed June 18, 2012).

2

the Eighth Amendment "when they knowingly used a policy that would result in [plaintiff] not eating" on religious holy days; (3) discriminated against him in violation of his rights under the Fourteenth Amendment; (4) failed to remedy the violations after being notified of the wrongdoing; and (5) violated the RLUIPA by placing a substantial burden on plaintiff's practice of his religion or failing to make necessary accommodations so that he could engage in his religious practices. *Id.* at 71-74.

On January 9, 2014, following the joinder of issue, the court entered a mandatory pretrial discovery and scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Dkt. No. 36. The order set out certain obligations of the parties regarding discovery and established deadlines for the completion of discovery and the filing of dispositive motions. *See generally id.* Significantly, the Rule 16 order granted defendants leave to take plaintiff's deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, and warned plaintiff that his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Dkt. No. 36 at 4. The order was mailed to plaintiff on May 15, 2013, at Coxsakie Correctional Facility, the address provided by him to the court. Dkt No. 8. There is no indication in the court's records that the order was returned to the court.

On May 23, 2014, defendants' counsel served a notice upon the plaintiff requiring him to appear for deposition in Albany, New York, on June 20, 2014. Dkt. No. 46-3 at 6. According to the accompanying declaration of service, the notice was mailed to plaintiff at the following address:

> Albert Weathers, 10-B-0094
> Grace House
> 2025 Bailey Avenue
> Bailey, NY 14211

*Id* at 7.[2] By letter dated June 2, 2014, plaintiff requested that the court direct his deposition to be taken at a location closer to his residence in Buffalo, New York. Dkt. No. 44. The request was denied. Dkt. No. 45. Plaintiff ultimately failed to appear for the scheduled deposition on June 20, 2014, and did not notify defendants' counsel that he would not be present. Dkt. No. 46-1 at 2.

On July 28, 2014, defendants filed a motion to dismiss plaintiff's complaint as a sanction for his failure to appear for the scheduled deposition pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. Dkt. No. 46. Plaintiff did not respond to that motion.[3] In a decision and order

---

[2] This address coincides with information contained in a notice of change of address filed by the plaintiff on May 14, 2014. Dkt. No. 43. The court notes that plaintiff filed another notice of change of address on August 13, 2014, and his new address is currently reflected on the court's docket sheet. Dkt. No. 47.

[3] Based upon a second change-of-address notice filed by plaintiff, I issued a text order on August 13, 2014, directing the clerk to provide plaintiff with a copy of a July 29,

4

dated September 24, 2014, I denied defendants' dismissal motion, without prejudice, in deference to Weathers' *pro se* status, but directed him to appear for deposition at a date and time to be selected by defendants' counsel, upon at least fourteen-days notice, at the office of the New York State Attorney General, located in Albany, New York.[4] Dkt. No. 49 at 9-10. The order advised plaintiff that, "[i]n the event [he] fails to appear for the scheduled deposition without consent of defendants' counsel or advance permission from the court, defendants are permitted to file a renewed motion for sanctions seeking dismissal of [his] complaint." *Id.* at 9. The order also specifically stated that, "if plaintiff fails to appear as instructed for a future scheduled deposition and his presence at the deposition is not excused by the court, I will recommend that his complaint be dismissed[.]"

---

2014 text notice advising plaintiff that any opposition to the motion was due by August 19, 2014, together with a copy of defendants' motion for sanctions, an updated docket report for this action, and a list of all cases filed by the plaintiff in this district. Dkt. No. 48. Those documents were served upon the plaintiff on that same date, by regular mail. *Id.*

4       The decision was initially sent to plaintiff by certified mail using the address listed in the court's records. Dkt. No. 49. The certified mail package containing the decision, however, was returned to the court as "unclaimed." Dkt. No. 50. The decision was subsequently re-served on the plaintiff by regular mail. Docket Entry Dated Oct. 22, 2014. To the extent that the reason for non-delivery of the certified mail package is that plaintiff has moved without notifying the court of his new address, the dismissal of this action may also be premised on the alternative ground that plaintiff has failed to update his address, warranting dismissal under Local Rule 10.1(c)(2), Local Rule 41.2(b), and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Tuff v. Guzman*, No. 12-CV-0550, 2012 WL 4006429, at *2 (N.D.N.Y. Sept. 12, 2009) (Suddaby, J.). Indeed, plaintiff, who is an experienced litigant in this district, was reminded of his duty to keep the clerk apprised of his current address in the court's order granting him IFP status. Dkt. No. 10 at 9.

*Id.* at 8.

On September 25, 2014, defendants' counsel mailed plaintiff a second notice of deposition, advising that his deposition would be taken on October 15, 2014, at the offices of the Attorney General in Albany, New York. Dkt. No. 51-4. Plaintiff, however, failed to appear for the scheduled deposition without notifying defendants' counsel or seeking permission to be excused by the court. Dkt. No. 51-5.

II. DISCUSSION

Defendants' motion implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 1995). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *see Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196 (E.D.N.Y. July 12, 2010) ("Such sanctions may include . . . dismissing a claim or the entire action or granting default judgment against the disobedient party[.]"). Similarly, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of*

6

*Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

In this instance, plaintiff failed to comply with the court's Rule 16 discovery order, which required him to submit to a deposition pursuant to a notice mailed at least fifteen days prior to the scheduled deposition date. Dkt. No. 36 at 4. In addition, he failed to appear at a second scheduled deposition after having been directed by the court to do so and pointedly advised that his failure to appear for a scheduled deposition would result in dismissal of his complaint. Dkt. No. 51-5. Accordingly, I recommend the court dismiss plaintiff's complaint pursuant to Rule 37.

In addition to Rule 37, defendants' motion implicitly invokes Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[5] Fed. R. Civ. P.

---

[5] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court

7

41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

A dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *Securities & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of the plaintiffs' failure to comply with court orders; (2) whether the plaintiffs were on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiffs' interest in "a fair chance to be heard"; and (5) whether the imposition of sanctions less drastic than dismissal are appropriate. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193-94 (2d Cir. 1999); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d

---

recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

Cir. 1996).

In this case, these factors weigh heavily in favor of dismissal. The plaintiff has failed to comply with court orders on multiple occasions. This case has been pending for nearly two years, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter.

As required, I have considered less-drastic sanctions, but reject them as ineffective. I am persuaded, for example, that issuing an order reprimanding plaintiff for his conduct would be futile in light of his chronicled history of non-compliance with court directives and defendants' legitimate discovery requests. Given plaintiff's conduct, it appears that the ultimate sanction of dismissal is warranted. While there was concern in my earlier decision as to whether the *pro se* plaintiff had been adequately warned concerning the potential consequences of his refusal to be deposed, it is now well-document that he was made aware of those consequences in both

the court's mandatory Rule 16 scheduling order and my decision and order dated September 24, 2014.

III. SUMMARY AND RECOMMENDATION

Plaintiff has failed to cooperate with defendants' counsel and the court in their efforts to move the case toward a final determination and has demonstrated disinterest in pursuing his claims. Without his compliance with the court's orders directing that he appear and be deposed, this matter cannot be fairly, efficiently, and timely adjudicated on its merits. Based upon these circumstances, I recommend that plaintiff's complaint now be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 51) be GRANTED, and that plaintiff's complaint in this action be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     December 8, 2014
              Syracuse, New York

David E. Peebles
U.S. Magistrate Judge