**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ALBERT WEATHERS,**

**Plaintiff**

       **v.**                                  **9:13-CV-195**
                                                    **(FJS/DEP)**

**DAVID ROCK, Superintendent, Upstate**
**Correctional Facility; DONALD UHLER,**
**Deputy Superintendent of Security,**
**Upstate Correctional Facility; RABBI**
**HELLER; RABBI FRIEDMANN;**
**MICHAEL LIRA, Deputy of Programs,**
**Upstate Correctional Facility; and JEFF**
**MCCOY, Deputy Commissioner of Programs,**

                      **Defendants.**

_____

**APPEARANCES**                            **OF COUNSEL**

**ALBERT WEATHERS**
Buffalo, New York 14212
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**        **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

Plaintiff, a former New York State prison inmate, commenced this action in February

2013, asserting claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized

Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). _See_ Dkt. No. 1.

When Plaintiff failed to appear for a scheduled deposition on two occasions in violation

of the Court's Orders, Defendants renewed a prior request for dismissal of Plaintiff's complaint.

*See* Dkt. No. 51. In a Report and Recommendation dated December 8, 2014, Magistrate Judge

Peebles recommended that the Court grant Defendants' motion and dismiss Plaintiff's complaint

in its entirety. *See* Dkt. No. 53 at 10. Plaintiff filed a conclusory objection to that

recommendation, arguing that he objected primarily because of issues due to "his mental state

and not receiving Court documents." *See* Dkt. No. 54 at 2. With regard to his mental state,

Plaintiff alleged that he

> has been diagnos [sic] with SHU Syndrom [sic], impulse controll
> [sic], post traumatic stress disorder, adjust [sic] D/O with mixed
> anxiety, and is under the care of mental health counselors and
> doctors. He is prescribed medication    Paroxetine 20 mg, Seroquel
> 25 mg, Buspar 15 mg, to help him combat his condition.

*See id.*

Plaintiff does not indicate when he was diagnosed with any of these ailments or why or how they

would prevent him from complying with the Court's Orders, particularly those requiring his

attendance at a deposition. Finally, Plaintiff requests that the Court "give him a chance to

comply to all Courts [sic] rulings in all cases in the Norther District Court." *See id.*

When the parties do not object to a magistrate judge's report-recommendation or when

their objections are conclusory or general in nature, the court reviews that report-

recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625,

2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After

conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . .

recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Peebles' December 8, 2014 Report and

Recommendation for clear error and manifest injustice and has found none.  As Magistrate Judge

Peebles noted, Plaintiff has a history of non-compliance with Court directives and Defendants'

legitimate discovery requests.  *See* Dkt. No. 53 at 9.  In addition, Magistrate Judge Peebles

explained that, although he was concerned in his earlier decision about whether Plaintiff had

been adequately warned about the potential consequences of his refusal to be deposed, "it is now

well-document [sic] that he was made aware of those consequences in both the court's mandatory

Rule 16 scheduling order and [his] decision and order dated September 24, 2014." *See* Dkt. No.

53 at 9-10.

The record supports Magistrate Judge Peebles' conclusion that the sanction of dismissal is

warranted in this case.  Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' December 8, 2014 Report and

Recommendation, *see* Dkt. No. 53, is **ACCEPTED in its entirety** for the reasons stated therein;

and the Court further

**ORDERS** that Defendants' motion to dismiss, *see* Dkt. No. 51, is **GRANTED** and

Plaintiff's complaint is dismissed in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and

close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 2, 2015
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge